285 So.2d 891 (1973)
Willie M. CAMPBELL
v.
STATE of Mississippi.
No. 47514.
Supreme Court of Mississippi.
November 26, 1973.
Rehearing Denied December 17, 1973.
*892 Darryl A. Hurt, Lucedale, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant, Willie Campbell, was indicted by the Grand Jury of George County, Mississippi, on a charge of manslaughter. He was tried, convicted and sentenced to serve a term of twelve (12) years in the Mississippi State Penitentiary. He contends on appeal to this Court that the trial court erred in failing to direct a verdict, or to enter a judgment in his favor, or to grant appellant a new trial.
The record shows that about 6:00 P.M. on August 10, Charles Hill, Roy Farrell, and T. Jefferson met Willie Campbell, the appellant, as they were en route to get beer. The appellant parked his automobile and got into the automobile with the young men. After they had obtained the beer, they went to the home of one Jimmy Lee Williams, but stayed there only a short time. They then returned to the appellant's parked automobile and after having stopped once, Hill drove to the intersection of Highway 98 and Narrow Gap Road. Hill stopped at the intersection. The appellant drove his car up to this point, and asked Hill if he wanted to run his car. Appellant told Hill that when Hill reached a certain point on a hill on the highway "once he could get all he could get" to blink his lights and he would pass him. Hill proceeded to the point agreed upon on the top of the hill, and began to speed up to one hundred and seventeen (117) or one hundred eighteen (118) miles per hour. Hill blinked his lights and appellant, Willie Campbell, attempted to pass. As the two automobiles were speeding side by side down the highway, they approached a large truck going in the same direction on the right-hand lane. At the same time an automobile was approaching from the opposite direction in the lane occupied by the automobile driven by Campbell. The gap between the Hill automobile and the truck was rapidly narrowing. In order to let the appellant get into the right-hand lane, Hill put on his brakes and skidded into the left-hand lane of traffic in front of the oncoming automobile. This movement resulted in a head-on collision with an automobile driven by Winston McMahon. The two automobiles travelled to the side of the road. Hill's automobile ran and tumbled three hundred thirty (330) feet south of the point of impact. The McMahon automobile travelled ninety-six (96) feet. The automobiles were demolished. Charles Hill and Ray Farrell were killed in the Hill automobile, and Winston McMahon was killed in the automobile he was driving. The highway patrolman who investigated the accident found many beer cans and marijuana cigarettes at the place where the Hill automobile came to rest. T. Jefferson and Willie Perine, the two surviving witnesses in Hill's automobile, testified to the foregoing facts. The defendant offered one witness to show an alibi. The defendant did not testify.
The appellant's automobile did not contact or touch the other automobiles involved in the accident, nor did he stop at the scene of the accident.
The principal argument on appeal by appellant is that the State of Mississippi failed to prove beyond a reasonable doubt that the defendant was guilty of such gross negligence as to evince a wanton or reckless disregard for the safety of human life, or such an indifference as to the consequence of his acts as to render his conduct tantamount to willfulness which amounted to culpable negligence.
The appellant was indicted under Section 2232, Mississippi Code 1942 Annotated (1956) [Mississippi Code 1972 Annotated § 97-3-47]. This section is in the following language:
"Every other killing of a human being, by the act, procurement, or culpable negligence *893 of another, and without authority of law, not provided for in this chapter, shall be manslaughter."
It has been pointed out by this Court on several occasions that involuntary manslaughter by culpable negligence within the meaning of the foregoing Code section may be defined as the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as the result of the willful creation of an unreasonable risk. See Smith v. State, 197 Miss. 802, 20 So.2d 701, 161 A.L.R. 1 (1945), and cases cited in Downs v. State, 206 Miss. 831, 41 So.2d 19 (1949).
It is true that the appellant's automobile did not strike the automobile driven by the deceased, and the negligence of Hill in applying his brakes in such a manner as to cause his automobile to skid into the oncoming automobile driven by Winston McMahon was the immediate cause of the death of McMahon. On the other hand, the record shows that the defendant aided and abetted Hill in the doing of an act obviously dangerous to persons using the highway in reckless and utter disregard for human life.
Section 1995, Mississippi Code 1942 Annotated (1956) [Mississippi Code 1972 Annotated § 97-1-3] is in the following language:
"Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not."
In the early English cases as well as the early American, authorities hold that there could be no accessory to an involuntary manslaughter. [See cases collected Annot. 44 A.L.R. 576-578 (1926)]. However, later cases hold that:
"Manslaughter may result from the doing of an unlawful act or as the result of gross negligence in the performance of an act otherwise lawful, consequently, one who procures another to use a dangerous agency which causes death may be guilty as accessory before the fact." 26 Am.Jur. Homicide § 59, at 199 (1940).
See authorities collected in 26 Am.Jur. Homicide § 59, at 199 (1940).
We do not think it necessary to decide this issue at this time, because it is clearly the law that when persons enter into an automobile race upon a public highway where human beings are likely to be using the highway and one of the participants kills or injures another person using the highway, automobile operators are liable criminally as well as civilly. People v. Kemp, 150 Cal. App.2d 654, 310 P.2d 680 (1957).
One text writer states the rule in the following language:
"The driver of a motor vehicle who enters into an unlawful race with the driver of another motor vehicle may be held criminally responsible for the death of a third person caused by the speed and reckless driving of the latter driver, even though the former's vehicle has no physical contact at any time with the victim of the killing, where the acts of both drivers lead directly to and are a proximate cause of the killing." 7 Am.Jur.2d Automobiles and Highway Traffic § 277, at 825 (1963).
We have found no Mississippi cases on the general rule, but there are cases from other states which are in accord with the general rule. We point out two of these cases, because they are carefully considered and well reasoned. The first case is from Missouri  State v. Fennewald, 339 S.W.2d 769 (Mo. 1960).
In Fennewald the situation and statement of facts are almost parallel to the statement of facts in the instant case. The defendant was racing his automobile with another person in another automobile. The driver of the other vehicle lost control of his automobile and had a head-on collision *894 with an oncoming automobile. Two persons were killed in the racing automobile and one in the oncoming car. The defendant's automobile made no contact with the wrecked automobiles.
The defendant in that case contended that he could not be guilty of the charge of manslaughter because he said "... [T]he act of culpable negligence causing the death of Miles [the driver of the oncoming automobile] was not his act but instead was the act of the driver of the Schweppe [the racing] car." (339 S.W.2d at 771) He argued that: "... `[T]here can be no common design to commit a negligent act resulting in homicide'; and that `to render a person guilty of negligent homicide, the negligent act which caused the death must have been the personal act of the party charged and not the act of another'; ..." (339 S.W.2d at 771).
The court first pointed out that the two drivers of the racing automobiles "were charged with a common design to commit an act dangerous to the lives of others, namely an agreement to race their automobiles on a city street, and that they did so carelessly, recklessly and feloniously and with culpable negligence." (339 S.W.2d at 771).
The Missouri Supreme Court determined the issue as follows:
"Our conclusion is that under the evidence herein, considered most favorably to the State as it must be, defendant could properly be found guilty of manslaughter by reason of entering into an agreement to conduct an automobile race on a city street and doing so in a reckless manner, with wanton disregard for the safety of others, from which the death of Miles resulted. Although he did not intend to take life, he did intend that the two automobiles should be raced on a city street which reasonably meant to drive them at the highest speed they could attain and far in excess of lawful speed. Doing so under these circumstances was negligence of such a character that criminal intention could be presumed." 339 S.W.2d at 773.
The other case we wish to point out is Jacobs v. State, 184 So.2d 711 (Fla.App. 1966). The Florida Court of Appeal had this to say on the subject here involved:
"The evidence clearly shows that appellant, together with others, was engaged in what is commonly known as a `drag race' of motor vehicles on a two-lane public highway in Marion County. The race entailed the operation of three motor vehicles traveling in the same direction at excessive and unlawful rates of speed contrary to the laws of this state. While engaged in such unlawful activity one of the three vehicles actively participating in the race was negligently operated in such manner as to cause the death of the person who drove that vehicel, as well as another innocent party who had no connection with the race. The deaths which proximately resulted from the activities of the three persons engaged in the unlawful activity of drag racing made each of the active participants equally guilty of the criminal act which caused the death of the innocent party. The fact that it was the vehicle driven by the person appointed to judge the outcome of the race which caused the death of the innocent party does not relieve appellant from his responsibility as an active participant in the unlawful event out of which the death arose.
In Wharton it is said:
`* * * If each of two persons jointly engage in the commission of acts which amount to criminal negligence, and as a result of which a third person is killed, each may be found guilty of manslaughter even though it may be impossible to say whose act actually caused the death.'
(1 Wharton, Criminal Law and Procedure § 290 (Anderson 1957). See also 63 A.L.R. 1225)." 184 So.2d at 715-716.
*895 In the instant case the defendant was not only racing with Hill, but he so imperiled him as to cause him to put on his brakes so that the defendant could go ahead of him into the right lane of traffic. The acts of the appellant, Willie Campbell, in racing with Charles Hill, under the circumstances shown in this case, were acts of culpable negligence within the meaning of Section 2232, Mississippi Code 1942 Annotated (1956) [Mississippi Code 1972 Annotated § 97-3-47]. The judgment of the trial court must therefore be affirmed.
Affirmed.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.