305 So.2d 353 (1974)
Louis JERNIGAN
v.
STATE of Mississippi.
No. 48184.
Supreme Court of Mississippi.
December 23, 1974.
James H. Mathis, Corinth, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
SUGG, Justice:
Louis Jernigan was indicted and tried in the Circuit Court of Alcorn County for the murder of Clarence Bowers. The jury convicted defendant of manslaughter, and the court sentenced him to serve twelve years in the State Penitentiary with the last two years suspended pending good behavior. From that conviction and sentence he appeals.
The evidence for the State revealed that on September 10, 1972, defendant Louis Jernigan drove to the home of Fanny Mae Jones to buy some beer and found Clarence Bowers sitting on the porch. Defendant called Bowers to his car and asked for some money with which to buy the beer. Bowers refused the request and returned to the porch. Defendant picked up a pistol which was lying on the seat, got out of the car and with gun in hand, followed Bowers saying, "Aw yeah, you are going to buy me one." After Bowers stepped up on the porch, he turned toward defendant who pointed the gun at Bowers and shot him in the chest, killing him. One witness testified that he heard defendant threaten Bowers that "If you raise your hand again, I'm going to shoot you." All the witnesses agreed that Bowers had nothing in his hands when he was shot. The evidence for the State further revealed that no ill *354 will existed between defendant and Bowers. When the police arrived to investigate the shooting, defendant volunteered the information that the gun was in his hand when it discharged, but that he didn't know it was loaded.
Defendant in seeking to establish the defense of accident denied making any threats or the statements attributed to him by witnesses for the State. He told the court that when he got out of his car at Fanny Mae Jones' house, he picked up a pistol which was lying on the car seat and placed it in his pocket to keep little children from getting it. As he was going into the house, he saw Clarence Bowers standing on the porch. Defendant testified that he just pulled the gun out of his shirt pocket and it went off. Defendant said that he thought the gun was empty and further explained that his reason for pulling the gun out of his pocket was he and Bowers "pranked" with each other in this manner frequently. Defendant contends the gun was discharged by accident; therefore, the evidence does not support the verdict of manslaughter.
This was a question of fact for determination by the jury and we are of the opinion that the evidence overwhelmingly supports the verdict of the jury.
The evidence in this case establishes that defendant pointed a loaded gun at Clarence Bowers, and that the gun discharged, killing Bowers. Defendant's actions unequivocally show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk. The evidence overwhelmingly supports the jury's verdict of manslaughter. See Frazier v. State, 289 So.2d 690 (Miss. 1974); Campbell v. State, 285 So.2d 891 (Miss. 1973); Gant v. State, 244 So.2d 18 (Miss. 1971). In Robertson v. State, 153 Miss. 770, 121 So. 492 (1928) this Court stated:
If the pointing of a loaded pistol at a human being is not culpable negligence, under the above definition, then it would be difficult for the mind of mortal man to conceive of stronger facts which would constitute such negligence. (153 Miss. at 776, 121 So. at 493).
Affirmed.
GILLESPIE, C.J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.