361 So.2d 343 (1978)
McKinley NELSON, Jr.
v.
STATE of Mississippi.
No. 50580.
Supreme Court of Mississippi.
August 9, 1978.
*344 Fraiser, Burgoon, Henson & Abraham, James W. Burgoon, Jr., Greenwood, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Special Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
This appeal is from a conviction of aggravated assault and a judgment of the Circuit Court of Leflore County sentencing defendant to six years imprisonment, with four years suspended.
On November 13, 1976, the defendant and Willie C. Green, while at a local nightspot in Morgan City, Mississippi, engaged in a short argument. A shoving match ensued, during which the defendant removed a .22 caliber pistol from his pocket and shot Green in the shoulder.
Defendant contends that the pistol accidentally discharged and his only purpose in drawing the pistol was to ward off Green. The defendant is pictured as an 18-year-old youth who foolishly and unwisely exhibited a deadly weapon during an altercation which subsequently discharged wounding his adversary. As such, the defendant submits his conduct was an act of simple negligence rather than conduct prohibited by subsection 2(a) of section 97-3-7 Mississippi Code Annotated (1972). The facts of this case require us to define the acts proscribed by the statute and which constitute aggravated assault. The statute provides:
A person is guilty of aggravated assault if he ... causes such injury . . recklessly under circumstances manifesting extreme indifference to the value of human life.
We hold these words are analogous to our definition of culpable negligence in homicide cases set forth in Smith v. State,[1] 197 Miss. 802, 20 So.2d 701 (1945) as follows:
[C]ulpable negligence should be defined as the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful (sic) creation of an unreasonable risk thereof. (197 Miss. at 817, 20 So.2d at 705).
Bruce v. State, 349 So.2d 1068 (Miss. 1977) involved the killing of a human being in a game of Russian Roulette. In affirming the conviction we stated:
In Jernigan v. State, 305 So.2d 353 (Miss. 1974), a murder trial where the defendant claimed accidental discharge of a gun and a manslaughter verdict was returned, we stated, in holding that a fact question for determination on culpable negligence was presented for the jury, the following:
The evidence in this case establishes that defendant pointed a loaded gun at Clarence Bowers, and that the gun discharged, killing Bowers. Defendant's actions unequivocally show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk. The evidence overwhelmingly supports the jury's verdict of manslaughter. See Frazier v. State, 289 So.2d 690 *345 (Miss. 1974); Campbell v. State, 285 So.2d 891 (Miss. 1973); Gant v. State, 244 So.2d 18 (Miss. 1971). In Robertson v. State, 153 Miss. 770, 121 So. 492 (1928) this Court stated:
If the pointing of a loaded pistol at a human being is not culpable negligence under the above definition, then it would be difficult for the mind of mortal man to conceive of stronger facts which would constitute such negligence. (153 Miss. at 776, 121 So. at 493). [305 So.2d at 354]. (349 So.2d at 1070, 1071).
In our case the evidence shows that Green stepped on defendant's foot and, after a short argument, defendant invited Green to go outside with him. Once outside a pushing match ensued and ended when the defendant pulled his pistol and shot Green. Regardless of what defendant intended when he pulled the pistol and pointed it at Green, his act of pointing a loaded pistol at Green manifested an extreme indifference to the value of human life, and clearly brings the act of defendant within the statutory crime of aggravated assault.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Followed in Jolly v. State, 269 So.2d 650 (Miss. 1972).