SMITH, Presiding Justice,
for the Court:
Donald Joseph Allen Gonzales was indicted for the murder of one Robert Lizana. He was tried in the Circuit Court of Jackson County, convicted of manslaughter and sentenced to serve a term of twenty years imprisonment.
On appeal he assigns as error requiring reversal,
(1) The verdict was against the overwhelming weight of the evidence; and
(2) The trial court erred in admitting testimony of premeditation in a manslaughter trial.
At the conclusion of the State’s case in chief, a motion by the State that the charge be reduced from murder to manslaughter was made, and there being no objection, was sustained.
The evidence tended to show that, following a brutal beating of Gonzales by a person unknown, Gonzales had stated that if he could discover the identity of his assailant he would kill him. There is no evidence that Lizana had been the assailant, and on the contrary it appears that he and Gonzales were friends.
Medical evidence showed that Lizana had suffered a gunshot wound from “an extremely powerful weapon”, the bullet having pierced the left lobe of the liver, the stomach, the large blood vessel in the abdominal cavity and the vertebral bodies before it exited.
There was evidence that Lizana, on the occasion of the homicide, had been driven to a trailer home occupied by Gonzales. Liza-na had gotten out of the car and gone to the trailer where he knocked on the door. The door opened and immediately Lizana was shot and killed. There was eyewitness testimony that Gonzales had fired the fatal shot.
The only evidence offered by the defense at the trial was that of a policeman who testified as to the extent of the beating Gonzales had received on the former occasion. There was no evidence linking Lizana with this assault. Gonzales did not testify at the trial as a witness in his own defense.
We can say with confidence that, upon the record, the evidence was sufficient to have sustained a verdict for murder. In his argument on appeal it is contended that the killing was “murder or nothing” and that, the charge having been reduced, the evidence did not support the conviction of Gonzales of manslaughter.
Instructions submitted the case to the jury upon a theory of manslaughter by culpable negligence. In Bruce v. State, 349 So.2d 1068 (Miss.1977), this Court said:
In Jernigan v. State, 305 So.2d 353 (Miss.1974), a murder trial where the defendant claimed accidental discharge of a gun and a manslaughter verdict was returned, we stated, in holding that a fact question for determination on culpable negligence was presented for the jury, the following:
The evidence in this case establishes that defendant pointed a loaded gun at Clarence Bowers, and that the gun discharged, killing Bowers. Defendant’s actions unequivocally show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk. The evidence overwhelmingly supports the jury’s verdict of manslaughter. See Frazier v. State, 289 So.2d 690 (Miss.1974); *178 Campbell v. State, 285 So.2d 891 (Miss.1973); Gant v. State, 244 So.2d 18 (Miss.1971). In Robertson v. State, 153 Miss. 770, 121 So. 492 (1928) this Court stated:
If the pointing of a loaded pistol at a human being is not culpable negligence, under the above definition then it would be difficult for the mind of mortal man to conceive of stronger facts which would constitute such negligence. (153 Miss. at 776, 121 So. at 493). [305 So.2d at 354] Compare Latiker v. State, 278 So.2d 398 (Miss.1973). We are of the opinion the appellant’s own testimony was sufficient to withstand a directed verdict and was likewise sufficient for the jury to determine that Bruce was guilty of wanton disregard of human life, culpable negligence, in pointing a deadly weapon at Meredith and deliberately pulling the trigger. (349 So.2d at 1071)
Gonzales was indicted for murder and the trial proceeded upon that charge. In the State’s case in chief there was evidence which, it is now argued, tended to show premeditation. Evidence of premeditation was, of course, properly admitted in a prosecution based upon an indictment for murder. It was only at the conclusion of the State’s case in chief, that the charge was reduced, on motion of the State and without objection by appellant, from murder to manslaughter. There was no motion to exclude the testimony referred to nor was there a request for an instruction directing the jury not to consider it. Under the circumstances, the trial court was not called upon to act and no error was committed. The matter may not be raised here for the first time.
We find no merit in either of the two assignments of error.
The conviction is supported by the evidence, no prejudicial error was committed in the trial and the conviction and sentence must be, and are, affirmed.
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.