577 So.2d 381 (1991)
Kendall TAYLOR
v.
STATE of Mississippi.
No. 89-KA-1200.
Supreme Court of Mississippi.
March 13, 1991.
W. Eugene Henry, Biloxi, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PITTMAN and BANKS, JJ.
PITTMAN, Justice, for the Court:
Kendall Taylor was indicted for rape and aggravated assault. The aggravated assault charge was dismissed without prejudice to the State. Subsequently, the State asked for and received an instruction to the effect that aggravated assault is a lesser-included offense of the charge of rape. Taylor requested an instruction on the lesser-included offense of simple assault, which was denied. Taylor was acquitted on the rape charge, but was convicted of aggravated assault and sentenced to ten (10) years in the custody of the Mississippi Department of Corrections. Taylor appeals his conviction, assigning two (2) errors. Because the trial court erred in not giving the simple assault instruction, we reverse and remand.

I.
In March 1989, Faith Martel was living in Biloxi, Mississippi. On the night of March 3, 1989, she walked the short distance from her apartment to the Fiesta Lounge. At the Fiesta she encountered Kendall Taylor, whom she had known for two or three years, and Taylor's friend, John Weber. While at the Fiesta Taylor, Martel and Weber met a friend, Diane McManus. The three eventually left the Fiesta in Taylor's white Mazda in the early morning hours of March 4, and headed for Diane McManus' house. They arrived at McManus' house at around 6:00 a.m., staying there about an hour and a half. Martel fell asleep in a chair while the others talked. The three then left in Taylor's car, with Taylor driving, to drop off Weber and Martel at their residences.
After dropping Weber off, Martel fell asleep in the front seat of the car. She awoke once when she felt Taylor's hand on her leg. She told him to remove his hand and he complied. She fell asleep again, only to wake up when the car stopped. At *382 this point, according to Martel, Taylor began to punch her in the face. He continued to strike her, and she began to scream. Taylor then pulled her out of the car, threw her into a ditch by the side of the road and began to tear at her clothing. Taylor then picked her up, put her in the passenger side of the front seat of his car, and sexually assaulted her. Whenever she would scream, he would resume punching her. Finally Taylor got back into the car on the driver's side, said that he had taken some LSD earlier, and apologized for the attack. He then proceeded to take Martel to Biloxi Regional Medical Center.
Just prior to trial, Kendall Taylor moved to have the rape and aggravated assault charges severed. The prosecution responded by asking for a dismissal of the charge of aggravated assault, without prejudice, and announced its intention of proceeding on the rape charge, with an instruction on the lesser-included offense of aggravated assault.[1] Defense counsel agreed with this action. After both sides had presented their cases, the prosecution asked for and received an instruction on aggravated assault, S-2. Taylor asked for an instruction on simple assault, D-3, which was refused.

II.
Kendall Taylor asked the trial court for a peremptory instruction on the charge of aggravated assault, which was refused. On appeal Taylor alleges that the evidence was insufficient to convict on this charge.
Instruction S-2 instructed the jury on the version of aggravated assault found in Miss. Code Ann. § 97-3-7(2)(a) (Supp. 1988), which states:
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life... .
"[L]esser-included offense instructions should not be indiscriminately granted. Rather, they should be submitted to the jury only where there is an evidentiary basis in the record therefor." Lee v. State, 469 So.2d 1225, 1230 (Miss. 1985). Recently, this Court stated, in Jackson v. State, 551 So.2d 132, 146 (Miss. 1989):
Recall that, in deciding whether there is sufficient evidence that an issue be submitted to the jury, we must consider all of the evidence in the light most favorable to the party requesting the instruction, in this instance, the prosecution. That party must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the opposing party with sufficient force that reasonable men could not have found beyond a reasonable doubt for the requesting party on the issue, then the granting of the lesser-included offense instruction is error.
Kendall Taylor relies on Nelson v. State, 361 So.2d 343 (Miss. 1978), and Brooks v. State, 360 So.2d 704 (Miss. 1978). In Nelson, the defendant, as a result of an argument, pulled a pistol and shot his counterpart. The defendant claimed that the gun went off accidentally. This Court affirmed the conviction, saying that the act of pointing a loaded pistol "manifested an extreme indifference to the value of human life... ." Nelson, 361 So.2d at 345. Nelson emphasized that part of § 97-3-7(2)(a) dealing with reckless behavior. The case at bar deals instead with purposeful, knowing behavior, and as such Nelson is largely inapplicable. Brooks dealt with an assault accomplished with fists, a textbook, and a notebook. In discussing the sufficiency of the evidence, this Court evaluated the book used in the attack as a deadly weapon, and found it lacking. There was no foreign object used in the case at bar.
Kendall Taylor further relies on Colburn v. State, 431 So.2d 1111 (Miss. 1983), to show the extent to which a victim is required to be injured, or the proper showing of proof as to injuries, in an aggravated *383 assault case. Taylor's point seems to be that he should not be convicted of aggravated assault unless Faith Martel was nearly killed by her injuries. Martel's injuries may not have been as serious as those of the victim in Colburn. Martel testified that Kendall Taylor had repeatedly punched her in the face and head during his attack on her. She further testified that she had spent about four days in the hospital, and that she had a damaged nerve in her head and was told to see a neurologist. Dr. McDowell, the emergency room physician, testified that Martel had suffered significant facial trauma, and that both of her eyes were swollen shut and had to be pried open to test her sight. She also had fresh blood in both nostrils and significant bruising and bleeding into the skin of her face. Photographs of Martel, taken after the attack, illustrate the nature of her injuries. We find that, taken in a light most favorable to the State, this evidence is sufficient to support an instruction on aggravated assault, as defined in § 97-3-7(2)(a) or in Instruction S-2.

III.
Kendall Taylor offered Instruction D-3, which would have instructed the jury on the charge of simple assault. The instruction was refused by the trial court.
The elements of simple assault are provided by § 97-3-7(1):
A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical menace to put another in fear of imminent serious bodily harm; and, upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both... .
Where the defendant requests a lesser-included offense instruction, one factor to be considered is the disparity in maximum punishments between the offenses. A great disparity is a factor in favor of giving the lesser included offense instruction. Boyd v. State, 557 So.2d 1178, 1181 (Miss. 1989). Rape carries a penalty of life in prison; simple assault carries the maximum penalty just mentioned. Because Kendall Taylor requested the instruction, the evidence would be viewed in a light most favorable to him. As was stated in Mease v. State, 539 So.2d 1324, 1330 (Miss. 1989):
A third and simpler version [of the evidentiary standard] is found in Monroe v. State, 515 So.2d 860, 863 (Miss. 1987): "[T]he evidence in a particular case generally warrants granting a lesser offense instruction if a `rational' or a `reasonable' jury could find the defendant not guilty of the principal offense charged in the indictment yet guilty of the lesser included offense." Only where the evidence could only justify a conviction of the principal charge should a lesser offense instruction be refused. (emphasis added) Ruffin v. State, 444 So.2d [839] at 840 [Miss. 1984]; Fairchild [v. State], 459 So.2d [793] at 800 [Miss. 1984]; Lee [v. State], 469 So.2d [1225] at 1231 [Miss. 1985].
In Boyd this Court added the following language:
The jury may consider any of the evidence presented at trial. It is not limited to the testimony of the defendant. See Griffin, 540 So.2d at 21. Moreover, "[n]either the trial court nor this Court should ask which way the evidence preponderates  [the greater or lesser offense]." Mease, 539 So.2d at 1330. Likewise, neither the trial court nor this Court can "merely ask if there is sufficient evidence to sustain the jury's verdict of guilty of [the greater offense]. The answer to that question in this and other cases may be `yes' and there still be reversible error in not giving the lesser-included instruction." Fairchild, 459 So.2d at 801; see also, Mease, 539 So.2d at 1330.
This Court's most recent dictation of the standard further drives the point home by stating "[a] lesser-included offense *384 instruction must be granted where a reasonable juror could not on the evidence exclude the lesser-included offense beyond a reasonable doubt." Griffin [v. State], 540 So.2d [17] at 21 [Miss. 1989]. (emphasis added) (quoting Harbin v. State, 478 So.2d 796 (Miss. 1985)); see also, Griffin [v. State], 533 So.2d 444 [Miss. 1988]; Fairchild, supra.

The language is not limiting. It does not compel the jury to consider only the testimony of the defendant, but the jury may consider any of the evidence presented at trial. Of course it is the jury, not the trial court nor this Court, who resolves the weight and credibility to be accorded evidence, and the members of the panel can believe any or all of the evidence presented. Neal v. State, 451 So.2d 743, 758 (Miss. 1984).
Boyd, 557 So.2d at 1182.
Kendall Taylor relies on Lee v. State, 469 So.2d 1225 (Miss. 1985), in which a prisoner overpowered a jail guard, struck him, and then put a knife to the guard's throat and attempted to use him as a hostage to escape. Lee's version was that he had attempted to bribe the guard to let him escape, and that he never threatened anyone with a knife. Lee was convicted of aggravated assault. This Court reversed and remanded for a new trial for failure of the trial court to grant a lesser included offense instruction. Lee, 469 So.2d at 1232.
A common feature of most cases of this kind is the defendant's testimony, in which he gives his version of the incident in question. Kendall Taylor did not take the stand, and the only version of the events in question comes from the state's witnesses. Taking all the evidence in a light most favorable to Kendall Taylor, including the fact that he did transport Martel to the hospital, and considering the elements of both aggravated and simple assault, we cannot say that a rational, reasonable jury could find Taylor guilty only of aggravated assault. The circuit court erred in not giving Instruction D-3. Kendall Taylor's conviction is reversed and the case remanded for a new trial consistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.
NOTES
[1] Prosecutors should be cautious, when dismissing counts from indictments, to follow the dictates of Miss. Code Ann. § 99-19-5 (1972), as construed by this Court in Hailey v. State, 537 So.2d 411 (Miss. 1988).