LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Johnny Robert Babb was found guilty by a jury in the Hinds County Circuit Court of two counts of aggravated assault on law enforcement officers and one count of simple assault on a law enforcement officer. Babb was sentenced to thirty years each on the two counts of aggravated assault and five years for simple assault, all to be served concurrently in the custody of the Mississippi Department of Corrections.
 

 ¶ 2. Babb filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which was denied. Babb now appeals his conviction and sentence, asserting the following issues: (1) the trial court erred in refusing jury instructions as to simple assault against a law enforcement officer; (2) the trial court erred in refusing a jury instruction which presented his theory of the defense of accident; and (3) the evidence was insufficient as a matter of law to support the jury verdict of aggravated assault.
 

 FACTS
 

 ¶ 3. Hinds County Sheriffs deputies were called to the home of Johnny and Vivian Babb in response to a report of domestic violence. Sergeant Lynn Butler and deputies Casey Dennis and Deborah Bailey responded to the call. Vivian, who had called the deputies, had gone to her mother’s house following the altercation. Sergeant Butler testified that there were “pistol marks on the victim.”
 

 ¶ 4. Deputies Dennis and Bailey were escorting Vivian back to her home when Babb opened the door, pulled out a knife, yelled at them to leave the premises, and shut and locked the door. The deputies tried to make it appear that they had left in hopes that Babb would open the door. When he did not, Vivian opened the door using her key, and Sergeant Butler, and deputies Dennis and Bailey entered the home. Babb, who was still holding the knife, told the deputies to leave. Babb was holding his five-year-old son, who suffered from Downs Syndrome, in his arms. Deputies tried to persuade Babb to drop the knife, but he refused. Deputies proceeded to enter the home and sprayed Babb with pepper spray. The deputies also hit Babb on the arm with a baton in an attempt to get him to drop the knife. Babb began making slashing motions with
 
 *102
 
 the knife at the deputies, and Sergeant Butler was struck in the neck. Sergeant Butler was cut but not seriously injured.
 

 ¶ 5. Lieutenant Michael Maldonado and Deputy Keith Henderson arrived to attempt to resolve the situation through negotiations with Babb. Babb had gone to the back bedroom with his son. Babb cursed at Lieutenant Maldonado and made stabbing motions at him with the knife. Deputy Henderson told Babb, who he described as “pretty irate,” that the deputies were not there to arrest him and encouraged Babb to go to the hospital for evaluation and treatment. Deputy Henderson testified that Babb told him that he was angry and frustrated because he was in constant pain due to a degenerative spinal condition. Babb seemed to want help and agreed to go to the hospital.
 

 ¶ 6. The jury found Babb guilty of aggravated assault against Sergeant Butler, aggravated assault against Deputy Dennis, and simple assault against Lieutenant Maldonado.
 

 DISCUSSION
 

 I. DID THE TRIAL COURT PROPERLY REFUSE JURY INSTRUCTIONS D-7 AND D-8 AS TO SIMPLE ASSAULT AGAINST A LAW ENFORCEMENT OFFICER?
 

 II. DID THE TRIAL COURT PROPERLY REFUSE JURY INSTRUCTION D-9 REGARDING WHETHER THE INJURY WAS ACCIDENTAL?
 

 ¶ 7. Babb argues that the trial court erred in refusing to grant jury instructions D-7 and D-8, which would have instructed the jury to consider the lesser offense of simple assault against Sergeant Butler. He also argues that the trial court erred in denying jury instruction D-9, which would have allowed the jury to find that Babb’s actions were unintentional and that the injury to Sergeant Butler was accidental.
 

 ¶ 8. This Court conducts a de novo review of whether a defendant is entitled to a lesser-included-offense instruction, as this is a question of law.
 
 Downs v. State,
 
 962 So.2d 1255, 1258(¶ 10) (Miss.2007). The supreme court has stated the standard for granting a lesser-included-offense instruction as follows:
 

 [A] lesser[-]included[-]offense instruction should be granted unless the trial judge — and ultimately this Court — can say, taking the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser[-]included offense (and conversely not guilty of at least one essential element of the principal charge).
 

 Harper
 
 v. State,
 
 478 So.2d 1017, 1021 (Miss.1985).
 

 ¶ 9. Simple assault occurs when a person “negligently causes bodily injury to another with a deadly weapon.... ” Miss.Code Ann. § 97-3-7(1)(b) (Supp.2008). Babb argues that it is possible that the jury could have found him guilty of simple assault because he did not knowingly or purposely strike Sergeant Butler with the knife. He asserts that the testimony shows that he did not come at the deputies until he was sprayed with pepper spray, and he only accidently brushed the back side of the knife against Sergeant Butler’s neck.
 

 ¶ 10. Babb argues that Sergeant Butler’s own testimony showed that the incident was an accident or, at the most, simple assault. Sergeant Butler described the injury as “a cut that was approximately two, two and a half inches. It was more
 
 *103
 
 of a scrape than a cut because of the way I figured it happened.” Sergeant Butler also testified that he was cut with the tip of the back side of the knife blade. Further, Babb argues that, according to the testimony of Lieutenant Maldonado, “everybody’s eyes were a little watery” due to the pepper spray. Therefore, he argues that it was conceivable that he could not have clearly seen where Sergeant Butler was in the room due to the pepper spray.
 

 ¶ 11. From the testimony presented, we cannot find that a jury instruction as to simple assault or accident was warranted. Taking the evidence in the light most favorable to Babb, we find that no reasonable juror could find Babb guilty of simple assault against Sergeant Butler or that the incident was an accident.
 
 Harper,
 
 478 So.2d at 1021. Nothing in the record suggests that Babb did not knowingly or purposely pull a knife on the deputies. The deputies testified that Babb pulled out the knife before they entered the home, and when they entered the home, Babb began making “slashing” and “jigging” motions at them with the knife. While Sergeant Butler testified that the injury was just a scrape, Sergeant Butler also testified that the injury happened when Babb was making a “slashing” motion and stabbing at Sergeant Butler’s chest area. Sergeant Butler also stated that he was struck when he was stepping backwards to get out of the way of the knife.
 

 ¶ 12. The trial court found an instruction on a lesser-included-offense to be unnecessary. The trial judge stated that jury instruction “C-7 clearly indicates that a conviction must be predicated upon a unanimous finding by the jury of a willful, purposeful and knowing act.” Therefore, if the jury found that Babb did not injure Sergeant Butler willfully, purposely, and knowingly, the jury could have found Babb not guilty. While “[a] defendant is entitled to have jury instructions given which present his theory of the ease,” the trial court “is allowed to refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence.”
 
 Downs,
 
 962 So.2d at 1258(¶ 9) (quoting
 
 Spicer v. State,
 
 921 So.2d 292, 313(¶ 43) (Miss.2006)).
 

 ¶ 13. Finally, Babb argues that the trial court should have considered the disparity in the sentencing for aggravated assault and simple assault. “Where the defendant requests a lesser-included[-]offense instruction, one factor to be considered is the disparity in maximum punishments between the offenses. A great disparity is a factor in favor of giving the lesser[-]included[-]offense instruction.”
 
 Taylor v. State,
 
 577 So.2d 381, 383 (Miss.1991). The maximum sentence for aggravated assault is thirty years; the maximum sentence for simple assault is five years. Miss.Code Ann. § 97-3-7(1) and (2) (Supp.2008).
 

 ¶ 14. Even taking into consideration the disparity in sentences, we find that Babb’s arguments are without merit. First, the trial court greatly reduced the sentence by allowing Babb to serve his two thirty-year sentences and five-year sentence concurrently rather than consecutively. Second, the requested jury instructions were without foundation in the evidence and were also fairly covered elsewhere in the instructions. We find that the trial court properly rejected the instructions on simple assault and accident.
 

 III. WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE JURY VERDICT OF AGGRAVATED ASSAULT?
 

 ¶ 15. Babb argues that the verdict of the jury should be reversed because the evidence was insufficient to sustain the
 
 *104
 
 convictions of aggravated assault against Sergeant Butler and Deputy Dennis. Babb also asserts that he is either entitled to a new trial or that the case be remanded for re-sentencing.
 

 ¶ 16. “A motion for judgment notwithstanding the verdict tests the legal sufficiency of the evidence, while a motion for a new trial asks that the jury’s guilty verdict be vacated on grounds related to the weight of the evidence.”
 
 Pearson v. State,
 
 937 So.2d 996, 998(¶ 6) (Miss.Ct.App.2006). We will reverse a jury verdict “only when convinced that the circuit court has abused its discretion in failing to grant a new trial.”
 
 Id.
 
 at 999(¶ 8). The standard of review for overturning the denial of a motion for a judgment notwithstanding the verdict is de novo.
 
 Johnson v. St. Domin-ics-Jackson Mem’l Hosp.,
 
 967 So.2d 20, 22(¶ 3) (Miss.2007).
 

 ¶ 17. Mississippi Code Annotated section 97 — 3—7(2)(b), states that a person is guilty of aggravated assault if he “attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ”
 

 ¶ 18. The State presented the testimony of Sergeant Butler, Lieutenant Maldonado, and Deputy Henderson regarding Babb’s behavior. Babb cursed at the deputies; he was described as agitated, irate, and hostile; he made “slashing” and “jigging” motions at the deputies with a six-inch hunting knife; and he was holding his son in front of him as a shield. As stated above under Issues I and II, we cannot find that Babb did not attempt to purposely or knowingly cause bodily injury to Sergeant Butler and Deputy Dennis with a deadly weapon. This issue is without merit.
 

 ¶ 19. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER, AND SENTENCE OF THIRTY YEARS; COUNT II, AGGRAVATED ASSAULT ON A LAW ENFORCEMENT OFFICER, AND SENTENCE OF THIRTY YEARS; AND COUNT III, SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER, AND SENTENCE OF FIVE YEARS, WITH ALL SENTENCES TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.