CARLTON, J.,
dissenting.:
¶ 21. I respectfully dissent. In applying the controlling appellate standard of review to the evidence in this case, I respectfully submit that we must affirm the trial court’s judgment and conviction of Stewart for culpable-negligence manslaughter. See Davis v. State, 165 So.3d 537, 541 (¶ 18) (Miss.Ct.App.2015). Stewart engaged in unlawful actions that disregarded the probability of fatal consequences to others arising from her creation of an unreasonable risk, and she engaged in conduct that facilitated the commission of culpable-negligence manslaughter as an accessory before the fact.[3]
¶ 22. The killing of another human being, without legal authority, by the act, procurement, or culpable negligence of another, constitutes the statutory crime of manslaughter in Mississippi. Miss.Code Ann. § 97-3-47 (Rev.2014).[4] The offense *730 of culpable-negligence manslaughter is established where the evidence shows “the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as the result of the willful creation of an unreasonable risk.” Campbell v. State, 285 So.2d 891, 893 (Miss.1978) (citations omitted).
¶23. Jurisprudence establishes that, if there is competent evidence to support the jury’s verdict, then the verdict must be upheld. Gandy v. State, 373 So.2d 1042, 1045 (Miss.1979). Our standard of review of the sufficiency of the evidence to support the verdict establishes:
The critical inquiry is whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed. If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. The jury determines the credibility of witnesses and resolves conflicts in the evidence.
Davis, 165 So.3d at 541 (¶ 18) (quoting Barron v. State, 130 So.3d 531, 536 (¶ 13) (Miss.Ct.App.2013)).
¶ 24. Within our statutory meaning, culpable negligence constitutes a departure from the conduct of an ordinarily prudent and careful person under the same circumstances so as to furnish an indifference to the consequences. See Shows v. State, 175 Miss. 604, 604, 168 So. 862, 864 (1936); Sims v. State, 149 Miss. 171, 171, 115 So. 217, 219 (1928). Otherwise stated, culpable-negligence manslaughter is that criminal conduct that evinces “a wanton or reckless disregard for the safety of human life, or such an indifference to the consequences of [an] act under the surrounding circumstances!!, so] as to render [the] conduct tantamount to willfulness.” Dickerson v. State, 441 So.2d 536, 538 (Miss. 1983).
¶25. At Stewart’s trial, the State argued that Stewart was an accessory before the fact to culpable-negligence manslaughter resulting in Karima’s death. Mississippi Code Annotated section 97-1-3 (Rev. 2014) provides that “[e]very person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.” Our caselaw recognizes that “[t]he concept of an accessory before the fact involves some participation in the criminal act.” Evans v. State, 145 So.3d 723, 727 (¶ 19) (Miss.Ct.App.2014) (quoting Clemons v. State, 482 So.2d 1102, 1105 (Miss.1985)). “The Mississippi Supreme Court has affirmed numerous convictions of defendants as accessories ‘where the evidence reflected some conduct on the part of the accused which facilitated the consummation of the principal crime.’ ” Id. (quoting Clemons, 482 So.2d at 1105).
¶ 26. In the present case, the jury received an accessory-before-the-fact instruction that tracked the language of section 97-1-3. The jury instruction further stated:
[A]n accessory before[ the fact] is one who arranges for or counsels or commands another to commit a felony ... but is not necessarily present himself when the felony is committed.... [S]hould you find from the evidence in this case, beyond a reasonable doubt, that on March 16, 2012, ... Stewart ... did willfully, unlawfully!,] and feloniously arrange for or counsel or command ... Garner to inject a silicone substance into the body of ... Gordon ..., then it is *731 your sworn duty to find [Stewart] guilty as an accessory before the fact.
¶ 27. The record contains evidence from which the jury could have found Stewart guilty as an accessory before the fact. The evidence before the jury reflected that Stewart entered into an agreement with Garner and Karima to arrange the unlawful administration of silicone injections, and evidence was also presented of Stewart’s conduct in arranging for Gamer to perform the unlawful medical procedure that resulted in Karima’s death by culpable-negligence manslaughter. As the majority opinion acknowledges, the jury heard evidence that Stewart contacted Garner on Karima’s behalf, and the evidence reflected that Stewart explained to Garner the kind of enhancements that Ka-rima sought. The jury also heard evidence that Stewart referred Karima to Garner by providing Karima’s phone number to Garner. In addition, the evidence showed that Stewart later sent Garner’s number to Karima.
¶ 28. The State also presented evidence at trial to show that Stewart falsely informed Karima that Garner was a nurse. The record reflects, however, that Garner was actually a cook at a nursing-home facility with no apparent medical training. As the record also reflects, the State’s evidence at trial further showed that Stewart accepted money, totaling $200, for her participation in the agreement and for arranging the unauthorized medical procedure. While Stewart claimed Karima gave her the money as a gift, the jury is the finder of fact and determines witness credibility. See Price v. State, 892 So.2d 294, 297-98 (¶ 15) (Miss.Ct.App.2004).
¶29. In Campbell, the supreme court found that the fatal consequences of an unreasonable creation of risk and the creation of a dangerous environment sufficiently established culpable-negligence manslaughter for a driver in an illegal road race that resulted in the death of the other driver in the same illegal race. Campbell, 285 So.2d at 895. In the present case, the State presented evidence to support its argument that Stewart engaged in conduct that facilitated the commission of culpable-negligent manslaughter. The record contains evidence to show Stewart’s agreement to engage in unlawful conduct, to create a dangerous environment, and to commit various actions that facilitated the commission of culpable-negligent manslaughter. Furthermore, the State’s evidence showed that Stewart’s conduct created an unreasonable risk in disregard of human life and of the consequences of her actions. As our precedent recognizes, the unauthorized practice of medicine is unlawful in Mississippi, and the supreme court has found that the State’s regulation of the practice of medicine constitutes a legal exercise of police power. See Harris v. State, 229 Miss. 755, 768-69, 92 So.2d 217, 223 (1957).[5]
¶30. The record in this case contains sufficient evidence for a jury to find Stewart guilty as an accessory before the fact and, thus, guilty of culpable-negligent manslaughter. In summary, the evidence before the jury included Stewart’s agreement to arrange the illegal injection procedure by a cook and her conduct of actually procuring and arranging the unauthorized silicone injections. The evidence in the record also included Stewart’s receipt of money for her willful conduct of agreeing to arrange and to facilitate the unreasonably dangerous procedure that resulted in *732 Karima’s death by culpable-negligence manslaughter. Clearly, in viewing the evidence in the light most favorable to the State, sufficient evidence was admitted at trial from which the jury could find Stewart guilty beyond a reasonable doubt of the essential elements of acting as an accessory before the fact and, thus, guilty beyond a reasonable doubt of the essential elements of culpable-negligent manslaughter. See Davis, 165 So.3d at 541 (¶ 18). The evidence the State presented at trial clearly showed that Stewart’s conduct created an unreasonable risk and evinced a reckless disregard for the probabilities of injury and fatal consequences arising from her actions. As a result, I would affirm Stewart’s conviction for culpable-negligence manslaughter. I therefore respectfully dissent from the majority’s opinion.
GRIFFIS, P.J., JOINS THIS OPINION.

. See Campbell v. State, 285 So.2d 891, 893 (Miss. 1973); Miss.Code Ann. § 97-1-3 (Rev. 2014) (defining accessory before the fact).

. See Tait v. State, 669 So.2d 85, 90 (Miss. 1996) (holding that the evidence supported culpable-negligence manslaughter); Gebben v. State, 108 So.3d 956, 975 (¶ 57) (Miss.Ct.App. 2012) (‘‘[C]ulpable negligence is defined as ‘the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful creation of an unreasonable.. risk thereof,’ ” (quoting Chandler v. State, 946 So.2d 355, 361 (¶ 22) (Miss.2006))).

. See also Miss.Code Ann. § 73-15-5 (Rev. 2012) (defining the "practice of nursing” and other related terms); Miss.Code Ann. § 73-25-33 (Rev.2012) (defining the practice of medicine in Mississippi).