304 So.2d 654 (1974)
Robert HEMPHILL
v.
STATE of Mississippi.
No. 48172.
Supreme Court of Mississippi.
December 23, 1974.
Billy J. Jordan, Thomas R. Mayfield, Columbus, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Robert Hemphill was tried in the Circuit Court of Winston County upon an indictment charging that he had sold marijuana, a controlled substance. He was convicted of that offense and sentenced to serve a term of ten years in the penitentiary. From that conviction and sentence he has appealed.
Of the assignments of error, argued as requiring reversal, several appear to have merit. However, in view of the conclusion we have reached, it is necessary to notice only one.
A careful examination of the entire record reveals that there was no evidence capable of supporting a finding, beyond a *655 reasonable doubt, that Hemphill was guilty of the offense charged.
The substance of the State's case may be summarized as follows. Two agents of the Mississippi Bureau of Narcotics drove to Winston County from Jackson. Upon their arrival, they picked up one Donald Young. They then drove out LaBoucher Road to the home of one Landers. There they picked up Landers and another individual by the name of Thompson. From there, they drove approximately three miles north on LaBoucher Road to an abandoned store. Thompson got out and obtained a package, of what proved to be marijuana, out of the bushes next to the store. Thompson returned to the car and handed the marijuana to one of the agents. The party left the store and went back to Landers' home where a discussion of the price of the marijuana took place. The agents had offered $11 for a lid and $12 was being asked.
While the agents were negotiating for the purchase of the marijuana from Landers at Landers' home, Hemphill and one Danny Hudspeth drove up and stopped their car in front of the house, at the side of the public road. Landers walked out to the car, which was thirty or forty yards from where the agents and others were gathered, or as otherwise expressed, one-third to one-half of a football field away. Both agents testified that they could hear nothing of what was said by either Landers or Hemphill in the brief (three or four minutes) exchange which took place between them as Hemphill sat in his car. They stated unequivocally that they were not within "conversation distance." Neither Hemphill nor Hudspeth ever did get out of Hemphill's car, and, after exchanging a few words with Hemphill, Landers rejoined the agents. After this incident occurred (and this was Hemphill's sole appearance in connection with any part of the entire episode), the discussion of price was resumed between Landers and the agents, and Landers agreed to accept $11 a lid. It is the State's position, as well as it can be understood, that because Landers consented to accept $11, rather than the $12 originally demanded, it has been shown that Hemphill was involved in the transaction.
There is no testimony that Hemphill had any part in the possession of the marijuana, the negotiations for the sale, or in the sale itself of the marijuana to the agents. Immediately after his brief conversation with Landers, Hemphill drove away, according to one of the agents, and, according to the other, he drove away after Landers had sold them the marijuana.
Both agents, on cross-examination, frankly concede that their conclusion that Hemphill had something to do with the transaction rested upon "pure conjecture and surmise" on their part.
The State called Landers to the stand as a witness. On interrogation by the State, Landers said that, in his conversation with Hemphill, "we may have talked a little bit about marijuana, just conversation." This is the sum total and entire extent of Landers' testimony, as he declined to testify further upon the ground that to do so might tend to incriminate him. The State did not attempt to pursue the matter further.
In Westbrook v. State, 202 Miss. 426, 432, 32 So.2d 251, 252 (1947), this Court said:
It is fundamental that convictions of crime cannot be sustained on proof which amounts to no more than a possibility or even when it amounts to a probability, but it must rise to that height which will exclude every reasonable doubt; that when in any essential respect the state relies on circumstantial evidence, it must be such as to exclude every other reasonable hypothesis than that the contention of the state is true, and that throughout the burden of proof is on the state... .
*656 In Wooldridge v. State, 274 So.2d 131, 133 (Miss. 1973), we said:
Assuming that everything testified to by the state witnesses is absolutely true, there still remains a reasonable hypothesis other than that Wooldridge burglarized the bank or in some manner aided and abetted in said offense. Upon the record as made, when the state rested the defendant's motion for a directed verdict should have been sustained.
In Matula v. State, 220 So.2d 833, 836 (Miss. 1969), this Court observed:
The question is not whether the evidence is sufficient to show that Matula is probably guilty, nor even whether it proves his guilt beyond a reasonable doubt. The rule is ancient and well established that in cases where guilt must rest upon circumstances, the evidence must exclude every reasonable hypothesis except that of guilt.
Assuming the truth of all of the testimony of the witnesses for the State, as we do, there is no evidence connecting Hemphill with the ownership, sale or receipt of the money for the marijuana sold to the agents by Landers. As a matter of fact, there is no evidence that he knew about or was aware of what Landers and the others were doing at the time that he drove up and stopped for a few moments in front of Landers' house. The mere circumstance that, as Landers said: "we (he and Hemphill) may have talked a little bit about marijuana, just conversation," is not enough to support the hypothesis that Hemphill was in league with Landers in making the sale. On the contrary, the circumstances in evidence would more reasonably support an hypothesis that Hemphill had stopped to purchase marijuana from Landers, a known dealer, although even that would be mere conjecture, not supported by evidence.
The trial court should have sustained appellant's request that the jury be instructed to return a verdict of not guilty. The conviction must be reversed and the appellant discharged.
Reversed and appellant discharged.
GILLESPIE, C.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.