## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 97-CT-01175-SCT

*LARRY GATLIN a/k/a LARRY D. GATLIN*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/27/1997 |
| TRIAL JUDGE: | HON. SHIRLEY C. BYERS |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JOLENE M. LOWRY |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 12/16/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 01/06/2000 |

### EN BANC.

### McRAE, JUSTICE, FOR THE COURT:

¶1. Larry Gatlin was convicted of first degree arson and received a sentence of thirteen years in the Mississippi Department of Corrections. Gatlin appealed, attacking his conviction and sentence based on the sufficiency of the evidence. The Court of Appeals affirmed. This Court granted certiorari to consider the question in light of arson cases previously decided by this Court. After doing so, we find that Gatlin's conviction was not supported by sufficient evidence, and we reverse and render.

I.

¶2. Clell Ward owned a house located at 306 North Shelby Street in Greenville, Mississippi, which he rented to Ms. Lee Reed. The house was destroyed by fire on the morning of March 12, 1996. Billy Clark, who had been the Fire Marshall for Greenville for twenty-three years, testified that an accelerant was used to start the fire. Clark's opinion was that the fire had not started accidentally.

¶3. Kenneth King, Larry Gatlin's cousin, testified that he picked up Gatlin at Gatlin's mother's house on the morning of March 12, 1996. King stated that he took Gatlin to Lee Reed's house so that Gatlin could get his wallet and some other papers to go job hunting. King further noted that Gatlin walked into the house around 11:30 a.m., stayed a short time and came out, without his wallet. Also, King stated that Gatlin did not take any liquid accelerant into Lee Reed's house. He stated that when he and Gatlin left Reed's house,

they did not speed away or in any way attempt to conceal their movements.

¶4. Lee Reed testified that she and Gatlin were engaged. Further, she testified that she had known Gatlin for about three years. She stated that she had told Gatlin just before the fire that she had cheated on him. She also testified that she and Gatlin had been arguing just prior to the fire about how she was taking care of her children. Reed testified that the windows of the house had been broken the night before the fire, and she had contacted the police as a result. Reed noted that both Larry's clothes and their other possessions had been in the house at the time of the fire. Reed stated that she believed at the time of the fire that Gatlin had set it, but she had since changed her mind.

¶5. Barbara Colley, Lee Reed's aunt, testified that she had a conversation with Larry Gatlin two days before the fire. Colley testified that Larry told her that he was going to do something to Lee Reed that she was going to regret. Lee Ester Brown, Lee Reed's grandmother, testified that Gatlin and Lee Reed had a fight the night before the fire.

¶6. The Court of Appeals affirmed, stating that the verdict was not against the weight and sufficiency of the evidence.

II.

¶7. Larry Gatlin cites *Steele v. State*, 544 So.2d 802 (Miss. 1989), and *Hemphill v. State*, 304 So.2d 654 (Miss. 1974), both criminal convictions reversed and rendered by this Court due to insufficient evidence. *Steele* contains the familiar standard of review, that if evidence is taken in a light most favorable to the verdict, and no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty, then the verdict should be reversed. If reasonable jurors might differ, then the verdict should be upheld.

¶8. This Court has reversed and rendered a number of arson convictions due to insufficient evidence. *See Isaac v. State*, 645 So.2d 903 (Miss. 1994)(Isaac stated that he may have started the fire at his girlfriend's apartment, but did not do so intentionally; Isaac was father of girlfriend's children and girlfriend had put him out of apartment a week before the fire); *White v. State*, 441 So.2d 1380 (Miss. 1983)(witness stated that White asked him to assist in burning of car to defraud insurer; reversed and rendered on plain error); *Moody v. State*, 371 So.2d 408 (Miss. 1979)(this Court found two prosecution witnesses not credible and reversed and rendered); *Holloman v. State*, 151 Miss. 202, 117 So. 532 (1928)(trouble existed between defendant and owner of barn; defendant's father's property, normally stored in barn, had been moved before fire; witness stated that defendant told him he would burn the barn and tried to get witness to help; tracks similar to defendant's were found near point of origin of fire).

¶9. In this case Gatlin was at the scene of the fire at a time where he could have started the fire, but there was no admission by him that he actually did start the fire, such as with Isaac. Gatlin's motive, if any, was similar to that of Isaac's, domestic troubles with his girlfriend. Fire Marshall Clark testified that an accelerant had been used to start the fire, in such an amount that he felt it was no accident, but there is no physical evidence connecting Gatlin with the fire. We find that there is no more evidence supporting this conviction than any of the others previously cited which this Court reversed and rendered. The judgment of the Court of Appeals is reversed and rendered in favor of Larry Gatlin.

¶10. **REVERSED AND RENDERED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR. COBB, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**