¶ 15. Because the evidence was insufficient to establish beyond a reasonable doubt that Donald Wade Miller was guilty of arson, I respectfully dissent.
¶ 16. The plurality relies on the Court of Appeals' conclusion that the following evidence was consistent with the guilty verdict rendered against Miller:
 (1) Miller was the sole occupant of the trailer, (2) a telephone call was made from the trailer approximately ten minutes before the fire was reported, (3) Miller was the last person known to be at the trailer, (4) a car was seen leaving the vicinity of Miller's trailer shortly before the fire, (5) the fire was started *Page 201 
deliberately, (6) Miller was at home between 2:38 p.m. and 2:40 p.m., (7) the fire was reported at approximately 2:49 p.m., and (8) a call was made from Miller's trailer at approximately 2:38 p.m.
Miller v. State, 856 So.2d 420, 423 (Miss. Ct. App. 2003).
¶ 17. The fact that Miller lives alone does not, in my view, weigh in favor of either a verdict of guilty or innocent. Further, Miller does not dispute that he was in the trailer in the minutes prior to the fire starting or that he was the last person known to be in the trailer. Miller admits that he had been on the internet and departed just prior to the fire starting.
¶ 18. Additionally, the fact that a car was seen leaving the vicinity shortly before the fire does not strongly support the guilty verdict when considering the testimony of Gemenie Bowdre. Bowdre lived adjacent to Miller. She testified that she was at her mailbox when she saw "a car, . . . coming out of one of the driveways north of me. And I'm not sure which driveway it was coming out of, but it was the Miller driveway or the other drive." Further, when asked what kind of vehicle she saw, Bowdre stated, "I don't know vehicles unless I really see the name on them." Bowdre testified that after seeing the car leave, she noticed smoke coming from Miller's home.
¶ 19. The only evidence of a fire being deliberately started came from Mike Hancock, the fire investigator with the DeSoto County Fire Department, who testified that the trained canine used in his investigation indicated that a flammable liquid was present on the middle of Miller's couch. This was confirmed by Brad Schinker, a fire investigator with Unified Investigations and Sciences, who eliminated all of the accidental ignition sources and concluded that Miller's sofa was the fire's origin. Schinker concluded that the fire started by "introduction of an ignition source by some type of human action. I mean, human action, by someone physically coming in and bringing it into the area, an ignition source." This alone does not show that the fire was started deliberately.
¶ 20. Arson requires that the fire be set "willfully and maliciously." Miss. Code Ann. § 97-17-1 (1) (Rev. 2000). Darlene Ellis, Miller's sister, testified that she previously owned the couch. At the end of November or December, she saw her children spill gun cleaning solvents on the couch while they were cleaning their guns. She further testified that she gave the couch to Miller because he did not have any furniture. At trial, Miller testified that he placed his mail on the couch when he got home, that later he went back to the couch to look through his mail and that it was possible he was smoking at that time. Miller testified that he may have accidentally started the fire but did not intentionally.
¶ 21. The record here reflects no physical evidence linking Miller to the fire. The State attempted to show that Miller had motive because of his financial troubles. However, Miller's insurance coverage was for approximately $31,000.00, and Miller testified that he owed $43,000.00-$44,000.00 as of the date of the fire. Additionally, there is no significant evidence that Miller attempted to remove any personal property from his home prior to the fire, including guns, the computer and all furnishings. In fact, a friend of Miller's noticed the fire and removed Miller's dog from a fenced area directly behind the burning trailer.
¶ 22. The facts here are no more damaging than those in Gatlin v.State, 754 So.2d 1157 (Miss. 1999). Gatlin was at the scene of a fire at a time when he could have started the fire, but Gatlin did not admit that he actually started the fire. Id. *Page 202 
at 1159. Gatlin had domestic trouble with a girlfriend as a motive. Id.
The fire marshal testified that an accelerant had been used in such an amount that it was no accident. Id. Further, no physical evidence was found to connect Gatlin with the fire. Id. Gatlin was reversed by this Court for insufficient evidence.
¶ 23. This Court has reversed several other arson convictions due to insufficient evidence. See Isaac v. State, 645 So.2d 903 (Miss. 1994) (Isaac stated that he may have started the fire at his girlfriend's apartment, but did not do so intentionally; Isaac was father of girlfriend's children and girlfriend had put him out of apartment a week before the fire); White v. State, 441 So.2d 1380 (Miss. 1983) (witness stated that White asked him to assist in burning of car to defraud insurer; reversed and rendered on plain error); Moody v. State,371 So.2d 408 (Miss. 1979) (this Court found two prosecution witnesses not credible and reversed and rendered); Holloman v. State, 151 Miss. 202,117 So. 532 (1928) (trouble existed between defendant and owner of barn; defendant's father's property, normally stored in barn, had been moved before fire; witness stated that defendant told him he would burn the barn and tried to get witness to help; tracks similar to defendant's were found near point of origin of fire). Likewise, this Court reversed Gatlin's conviction because there was no more evidence supporting Gatlin's conviction than in Isaac, White, Moody, and Holloman. Gatlin,
754 So.2d at 1159.
¶ 24. Viewing the evidence here in the light most favorable to the verdict, I fail to see how a reasonable, hypothetical juror could find beyond a reasonable doubt that Miller was guilty of arson. For this reason, I would reverse the Court of Appeals' judgment and reverse and render Miller's conviction and sentence.
COBB, P.J., AND DICKINSON, J., JOIN THIS OPINION.