274 So.2d 131 (1973)
Thomas Lee WOOLDRIDGE
v.
STATE of Mississippi.
No. 47200.
Supreme Court of Mississippi.
March 5, 1973.
Floyd Eades Hogue, Gerald H. Jacks, Cleveland, for appellant.
A.F. Summer, Atty. Gen. by T.E. Childs, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*132 BROOM, Justice:
Appellant Wooldridge was indicted, tried and convicted in the Circuit Court of Bolivar County, Mississippi, for the crime of burglary. From a sentence of seven years in the State Penitentiary he appeals to this Court. We reverse.
During the trial when the state rested, Wooldridge moved for a directed verdict which motion was overruled. When both sides rested he asked for a peremptory instruction of not guilty, which was refused. In his motion for a new trial, he assigned as error the failure of the trial court to sustain his motion for a directed verdict. The motion for a new trial also asserted that the verdict of the jury was against the overwhelming weight of evidence. The sufficiency of the evidence is the only serious question involved in this case.
The facts are as follows. At about two o'clock a.m. on June 10, 1971, Henry McCaslin, President of the First National Bank of Rosedale, by means of telephonic "burglar alarm" system, received indication that the branch bank situated in Beulah, Mississippi was being burglarized. Upon arrival at the bank he found that the lock on the front door had been knocked off and the burglar alarm wire had been cut. Law officers were alerted.
The sheriff of the county saw a black and red Ford automobile parked in front of a grocery store about a mile from Pace. Two men were there; one of them was standing outside the car and this individual was later by the sheriff identified as Wooldridge. The sheriff's view of Wooldridge at the store was at a time when the sheriff was driving his car at night as the subject was standing in front of the store in a lighted area. After the burglary Patrolman Richardson, having been advised to watch for any suspicious cars, saw two men driving through Cleveland, several miles away from Beulah, in a red and black Ford with a flat tire. He observed the tag number of the car and wrote down a description of the two men in the car. At approximately 1:15 a.m. (before the burglary occurred about 2:00 p.m.) George Scott, a resident of Beulah, noticed a strange gold colored Oldsmobile with a black hood parked near the bank. He later showed the FBI where it was parked and he also identified the car at the sheriff's office after it was subsequently impounded. It turned out to be Wooldridge's car.
The FBI which had a "flyer" on Wooldridge and his companions entered the investigation. FBI agents were notified that the State Highway Patrol had a gold colored Oldsmobile under surveillance at the Holiday Inn in Grenada, Mississippi. At approximately 9:40 a.m. on the day in question, Wooldridge and a female companion were arrested in the Oldsmobile as they left Holiday Inn. Also arrested were two other individuals in the red and black Ford automobile. Both cars were impounded and all of the four subjects were jailed in the Grenada County jail.
*133 Since this case is being decided on the question of the sufficiency of evidence, it is to be noted that: (1) No one saw Wooldridge at or in the vicinity of the bank; (2) no fingerprints of Wooldridge were discovered at the bank; (3) there was no loot or stolen goods from the bank found in either vehicle, although a large quantity of tools commonly used by burglars was found in the Oldsmobile of Wooldridge; (4) said tools were not shown to have been used in the burglary; and (5) there was no direct evidence of any kind linking Wooldridge with the burglary of the bank. Wooldridge did not testify at the trial. He made no confession or statement of any kind to the effect that he took part in or had any connection with the crime of burglary for which he was indicted. Wooldridge on the night of the burglary was seen several miles away from Beulah. Photographs of tread marks left by a tire on the car observed by Scott somewhere in the village of Beulah (the distance from the bank is not shown in the record) showed that said tire was similar to one removed from the Oldsmobile of Wooldridge. These facts may be sufficient to create suspicion that Wooldridge had some part in the alleged burglary. The testimony was not that the tread mark photographed was absolutely or without question left by Wooldridge's Oldsmobile but only that the tread marks were of the same type. Admittedly the case of the state was based entirely on circumstantial evidence.
In order for circumstantial evidence to rise to that degree of proof necessary to establish guilt of a person charged with a crime, such circumstantial evidence must be such as to exclude every reasonable hypothesis other than that of guilt. Pryor v. State, 239 So.2d 911 (Miss. 1970). In the present case the evidence against Wooldridge certainly rose no higher than mere suspicion. There was not one shred of evidence that positively put him inside the town of Beulah at any time on the night the bank was burglarized. No evidence showed that he was ever in or at the bank at any time. Also, there was no evidence whatever indicating that he aided and abetted anyone else in the commission of the crime with which he was charged.
Assuming that everything testified to by the state witnesses is absolutely true, there still remains a reasonable hypothesis other than that Wooldridge burglarized the bank or in some manner aided and abetted in said offense. Upon the record as made, when the state rested the defendant's motion for a directed verdict should have been sustained.
Reversed and defendant discharged.
GILLESPIE, C.J., and PATTERSON, SMITH and SUGG, JJ., concur.