MOORE, J.,
for the Court:
¶ 1. A jury found Appellant Stanley Harried guilty of manslaughter by culpable negligence. The Jefferson County Circuit Court sentenced Harried to twenty years imprisonment under the custody and control of the Mississippi Department of Corrections. Aggrieved, Harried cites the following issues on appeal
THE VERDICT OF GUILT OF MANSLAUGHTER BY CULPABLE NEGLIGENCE WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE.
THE IMPOSITION OF THE SENTENCE OF TWENTY YEARS IMPRISONMENT CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN LIGHT OF THE HEALTH OF THE DEFENDANT.
Finding no error, we affirm.
I. FACTS
¶ 2. On October 31, 1997, Stanley Harried met his friend, Charles Doss, at a local convenience store. Doss purchased Harried a pack of cigarettes and some gasoline. From there, the two men went to pick up Doss’s paycheck and to buy *968 beer and liquor. After driving around for a while, they stopped to talk with a young woman named Pam Sanford. Doss got out of the car, gave Harried ten dollars and told him to go get more liquor. When Harried returned from the liquor store, he was told that Doss and Sanford had gone around the back of an abandoned house. Harried then walked to the rear of the house and entered. In the house he found Doss, Sanford, and another man smoking a crack pipe. Harried tried to get Doss to leave the house, and when he refused, Harried asked Sanford for some of the crack. She refused. Harried then became loud and yelled at Sanford. She told him to be quiet or someone would come and make them leave. Harried then pulled a loaded revolver out of his back pocket and said that he did not have to be quiet. He fired one shot into the floor. At this point the other man in the house left. Doss then gave Sanford twenty dollars.
¶ 3. Here is where Sanford’s and Harried’s stories diverge. Harried says that after getting the twenty dollars, Sanford offered him some crack which he refused. Doss then asked Harried to go to the car and get the new bottle of liquor. When Harried returned to the house with the liquor, he again tried to get Doss to leave. Sanford then told Harried to quiet down again. Harried pulled the gun from his pocket and “laid it in his hand.” According to Harried, the gun accidently fired, hitting Doss. Sanford then ran from the house, and Harried ran to his car, threw the gun in the bushes and drove to the sheriffs station to get help.
¶ 4. However, Sanford testified that Harried was angry when he fired the first shot into the floor saying, “You don’t think it works, do you?” According to Sanford, Harried was angry because Doss had already spent eighty dollars on crack which Doss and Harried smoked, and Harried did not want Doss to spend the last twenty dollars on Sanford. Sanford also testified that before Harried fired the second shot he said, “You f-d over me and you ain’t doing me right and you ain’t my friend. The next shot is for your head.” Harried walked around and then said, “Don’t never f— with me no more in your life.” The gun then fired striking Doss in the head. During trial, Officer Robert Shelvy testified that a revolver like the one in this case can only fire a live round by pulling the trigger. Dr. Steven Hayne, a pathologist, also testified that the bullet wound on Doss’s skull was not consistent with a “near miss” shot. The bullet struck Doss “flush in the forehead.”
LAW AND ANALYSIS
WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY THE EVIDENCE ?
¶ 5. In his first assignment of error, Harried alleges that the evidence is not sufficient to support his conviction. Sufficiency questions are raised in motions for directed verdict and also in JNOV motions. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Where a defendant moves for JNOV or a directed verdict, the trial court considers all of the credible evidence consistent with the defendant’s guilt, giving the prosecution the benefit of all favorable inferences that may be reasonably drawn from this evidence. Id. This Court is authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence is such that reasonable and fair minded jurors could not find the accused guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 6. Here, Harried was indicted for murder but convicted under the lesser-included-offense of manslaughter by culpable negligence. Culpable negligence is defined as “the conscious and wanton or reckless disregard of the probabilities of fatal consequences to others as a result of the wilful creation of an unreasonable risk thereof.” Smith v. State, 197 Miss. 802, *969 816, 20 So.2d 701, 705 (1945). The Mississippi Supreme Court has had several opportunities to determine the sufficiency of proof leading to a conviction of manslaughter by culpable negligence. In Jemigan v. State, 305 So.2d 353, 354 (Miss.1974), the defendant claimed that his gun accidently fired. The court held that pointing a loaded gun at an individual supports a conviction of manslaughter by culpable negligence. Id. Again, in Tait v. State, 669 So.2d 85, 90 (Miss.1996) the court held that eyewitness testimony that the defendant put a gun to his victim’s head during horseplay supported a manslaughter conviction. Id. Finally, in Towner v. State, 726 So.2d 251 (¶ 8) (Miss.Ct.App.1998), the court concluded that the defendant firing a gun in the direction of his victim satisfied the requirements for manslaughter by culpable negligence. Id.
¶ 7. Harried contends that the gun fired accidently, but he also admitted in testimony to purposefully pointing the loaded weapon in the direction of Doss and Sanford. Harried’s actions show a conscious, wanton and reckless disregard of the likely fatal consequences of his willful act which created an unreasonable risk. In Robertson v. State, 153 Miss. 770, 776, 121 So. 492, 493 (1928), the court stated, “If the pointing of a loaded pistol at a human being is not culpable negligence under the above definition, then it would be difficult for the mind of mortal man to conceive of stronger facts which would constitute such negligence.”
¶ 8. It cannot be said that reasonable and fair minded jurors could only return a verdict of not guilty of manslaughter by culpable negligence. Thus, the evidence was legally sufficient to support Harried’s guilt beyond a reasonable doubt.
¶ 9. Harried also argues that the verdict was against the overwhelming weight of the evidence. This issue is challenged in a motion for new trial. The decision to grant or deny this motion is discretionary with the trial court. McClain, 625 So.2d at 781. The trial court should grant a new trial motion only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice. Wetz, 503 So.2d at 812. In reviewing the trial court’s denial of a new trial motion, we must accept as true all evidence favorable to the State, and we may not reverse absent an abuse of discretion. McClain, 625 So.2d at 781. Accepting as true Sanford’s eyewitness testimony, and Harried’s own testimony that he pointed a loaded weapon in the victim’s direction and it subsequently fired, we find that the verdict was not against the overwhelming weight of the evidence, and the trial court did not abuse its discretion in denying the motion for a new trial.
DID THE IMPOSITION OF THE SENTENCE OF TWENTY YEARS IMPRISONMENT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT IN LIGHT OF THE HEALTH OF THE DEFENDANT?
¶ 10. In his second assignment of error, Harried argues that the sentence of twenty years for his conviction of manslaughter is cruel and unusual punishment because he was forty years old and in poor health when sentenced. Section 97-3-25 of the Mississippi Code provides that a person convicted of manslaughter may be sentenced to a term not less than two years and no more than twenty years. Miss.Code Ann. § 97-3-25 (Rev.1994). Harried’s sentence is within the statutory limits. The Mississippi Supreme Court has held that sentences which are within the statutory limits will generally not be held to be cruel and unusual punishment. Jackson v. State, 740 So.2d 832 (¶ 11) (Miss 1999). See Sanders v. State, 678 So.2d 663 (Miss.1996); Baker v. State, 394 So.2d 1376 (Miss.1981). The United States Supreme Court held that reviewing courts should “grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, *970 as well as to the discretion that trial courts possess in sentencing convicted criminals.” Solem v. Helm, 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).
¶ 11. Harried proposes that this Court contradict precedent and hold his sentence to be excessive. He states several factors in support of this proposition including his poor health and age. These factors along with all the particular facts of each case are weighed by the trial judge during sentencing. Therefore, this Court follows the long-standing precedent holding that a sentence within the statutory limits is not an abuse of discretion. Consequently, Harried’s sentence does not constitute cruel and unusual punishment.
¶ 12. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT OF CONVICTION FOR MANSLAUGHTER BY CULPABLE NEGLIGENCE, SENTENCE OF TWENTY YEARS IN THE CUSTODY AND CONTROL OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.