MYERS, J,
for the Court:
¶ 1. Gary Perryman was convicted of burglary by the Copiah County Circuit Court, Honorable Lamar Pickard presiding. Perryman was sentenced to eighteen years in the custody of the Mississippi Department of Corrections. A motion for a judgment notwithstanding the verdict was filed and summarily denied by the trial court. From the denial of that motion, Perryman appeals raising the following issues:
1. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT’S MOTION FOR A JNOV;
2. WHETHER THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF DRUG USE BY DEFENDANT TO BE ADMITTED AT TRIAL; AND
3. WHETHER THE EIGHTEEN YEAR SENTENCE IMPOSED BY THE TRIAL COURT IS EXCESSIVE.
STATEMENT OF FACTS
¶ 2. During the morning hours of November 1, 1999, David Pruitt’s residence was burglarized. A cigarette lighter with David Pruitt’s name inscribed on it, a jewelry box with several antique coins, two one-ounce silver bars, a Celtic cross, a sharp-toothed knife, and approximately $5,300 were taken from Pruitt’s residence. Pruitt stated at trial that he left home that morning about 8:50 a.m. and returned that same morning between 9:15 a.m. and 9:45 a.m. Pruitt also stated that after he ascertained that his house had been broken into, he contacted the police at approximately 10:00 that morning. Upon arriving at the scene, the police officer responding to Pruitt’s call observed Perryman leaving the vicinity of the crime. Because the officer knew that Perryman frequented this area, the officer followed Perryman to inquire if he had seen anything. Perryman traveled to his friend’s trailer and even though his friend was not at home, Perry-man entered the trailer remaining inside for approximately two minutes. As Perry-man was exiting the trailer, the police officer approached him and asked whether Perryman knew anything about a burglary. Perryman responded that he might and told the officer that a white boy was hiding inside the trailer. The officer entered the trailer to search for the white boy. The officer did not find any evidence of a white boy but did find Pruitt’s cigarette lighter with his name engraved on it behind the couch as well as $5,100 lying in the open freezer compartment of the refrigerator. A subsequent search of Perry-man yielded the remaining $200 taken in the burglary. While arresting Perryman, the officer noticed a white, chalky substance on Perryman’s hands and shirt. The same white, chalky substance was found on the frame of the door that was forced open in Pruitt’s house.
¶ 3. At trial all the foregoing facts were established. Perryman testified on his own behalf and denied the allegations. Additionally, defense witnesses testified that they saw a white guy in the area of Pruitt’s house and the trailer Perryman had traveled to prior to being detained. On cross-examination the State asked Per-ryman whether he had any substance abuse problems. Perryman’s attorney failed to object to this question and Perry-man answered in the affirmative stating that he smoked crack cocaine. The trial continued and Perryman was ultimately found guilty of burglary and sentenced to eighteen years in the custody of the Mississippi Department of Corrections. Per-ryman filed a motion for a Judgment notwithstanding the verdict (JNOV) which the trial court denied. From the denial of that motion, this appeal results.
*141 STANDARD OF REVIEW AND LEGAL ANALYSIS
1. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT’S MOTION FOR A JNOV.
¶ 4. Perryman first argues that the trial court erred in denying his motion for a JNOV. Motions for JNOV challenge the weight and sufficiency of the evidence. Tran v. State, 785 So.2d 1112, 1116 (¶ 8) (Miss.Ct.App.2001). The evidence presented against Perryman was wholly circumstantial. In cases where the evidence presented is wholly circumstantial, “the State must prove the defendant’s guilt beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence.” Stewart v. State, 760 So.2d 810, 813 (¶ 9) (Miss.Ct.App.2000). In analyzing the evidence, this Court must consider all the evidence in the light most favorable to the prosecution. Murphy v. State, 566 So.2d 1201, 1204 (Miss.1990).
¶ 5. The State showed that Perryman entered and later exited from a trailer whose owner was not at home. The police found $5,100 lying in the open freezer along with a cigarette lighter with David Pruitt’s name inscribed on it in the same trailer. The police found $200 on Perry-man’s person. The police did not find a white guy in the trailer as Perryman stated they would, nor did the police find any evidence of a white guy having been in the trailer. Finally, the police found and the State presented to the jury that Perryman had a white, chalky substance on his hands and shirt and that the same white, chalky substance was found on the door forced open by the burglar of Pruitt’s house. It is clear that when taken as a whole, the evidence offered by the State against Per-ryman, while circumstantial in nature, rises to the necessary level to exclude every reasonable doubt and every reasonable hypothesis consistent with the innocence of Perryman. Stewart, 760 So.2d at 813 (¶ 9). Perryman’s first issue is, therefore, without merit.
2. WHETHER THE TRIAL COURT ERRED IN ALLOWING EVIDENCE OF DRUG USE BY DEFENDANT TO BE ADMITTED AT TRIAL.
¶ 6. Perryman next argues that evidence of his drug use should not have been admitted at trial. Upon a thorough examination of the record of this case, this Court finds that the questions inquiring into any substance abuse by Perryman were not objected to at trial. This Court cannot consider an issue not properly preserved at the trial level. Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994). Perry-man attempts to rely on plain error to raise this issue on appeal. The plain error rule applies “only when it affects a defendant’s substantive/fundamental rights” and “the error must have resulted in a manifest miscarriage of justice.” Tate v. State, 784 So.2d 208, 219 (¶ 54) (Miss.2001).
¶ 7. During his direct examination, Perryman admitted having drunk two beers during the morning hours of the day of the burglary. The prosecution picked up on this and inquired on cross-examination whether Perryman had a substance abuse problem. The defendant cannot later complain of evidence that he introduced at trial. Fleming v. State, 604 So.2d 280, 289 (Miss.1992). Because Perryman brought this evidence up in his direct examination, he cannot complain when it is used to his disadvantage later in the case. Because the evidence does not affect Per-ryman’s substantive rights, this is clearly not a case of plain error and as this issue was not preserved at trial, it is procedurally barred from review by this Court and therefore may not be considered. Harris *142 v. Lewis, 755 So.2d 1199, 1204 (¶ 15) (Miss.Ct.App.1999).
3. WHETHER THE EIGHTEEN YEAR SENTENCE IMPOSED BY THE TRIAL COURT IS EXCESSIVE.
¶ 8. Perryman’s final contention is that the eighteen year sentence imposed against him is excessive. Perryman was sentenced pursuant to the dictates of Miss. Code Ann. § 97-17-23 (Rev.1996) which provides for a sentence of “not less than three years and not more than twenty-five years.” It is well established that a sentence imposed by a trial court that is within the limits provided by the statute is to be upheld. Carter v. State, 450 So.2d 67, 68 (Miss.1984). This rule gives deference to the determination made by the legislature of the proper sentences to be imposed for statutory crimes. Barnwell v. State, 567 So.2d 215, 222 (Miss.1990). Because the sentence imposed by the trial court was within the parameters provided in the statute, this Court finds that the eighteen year sentence imposed against Perryman is not excessive and this issue is without merit.
CONCLUSION
¶ 9. The issues raised by Perryman in this appeal are without merit. The evidence presented in this case while circumstantial in nature was sufficient for the trial court to convict Perryman of the crime of burglary. The questions posed to Perryman on cross-examination were the product of evidence offered during his direct examination and were not objected to at trial and therefore not preserved. The eighteen year sentence imposed by the trial court was within the statutory limits provided by the legislature and is upheld.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OF CONVICTION OF BURGLARY AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ„ CONCUR.