CHANDLER, J.,
for the Court.
¶ 1. In December 1998, a Pike County grand jury indicted K.C. Weatherspoon for the crimes of possession of cocaine with the intent to distribute, sale of cocaine, and possession of marijuana. Weatherspoon pleaded guilty to selling cocaine and the trial judge sentenced him to twenty years imprisonment with eight years suspended. Weatherspoon appealed for post-conviction relief in the Pike County Circuit Court and the trial judge summarily denied the petition. Aggrieved, Weatherspoon appeals, arguing that the sentence of twenty years amounts to a life sentence given his poor health; therefore, the sentence is cruel and unusual and violates the Eighth Amendment to the United States Constitution. Finding no error, we affirm.
FACTS
¶ 2. The factual background making up Weatherspoon’s appeal is not clear on the face of his brief. Nonetheless, we will attempt to extract the relevant facts in light of his Eighth Amendment argument. Weatherspoon pleaded guilty to the sale of cocaine in violation of section 49-21-139(b)(1) of the Mississippi Code; the trial judge sentenced him to twenty years imprisonment with eight years suspended. The Mississippi Department of Corrections placed him in the Central Mississippi Correctional Facility to serve, his sentence. While there, Weatherspoon, a sixty year old male, became ill and was transferred from the prison’s general population to its medical ward. By that time, Weather-spoon showed signs of hepatitis, sclerosis of the liver, a heart condition, and tuberculosis.
STANDARD OF REVIEW
¶ 3. In reviewing the trial court’s denial of a petition for post-conviction relief, this Court will not disturb the factual findings of the trial court unless such findings are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). Additionally, a sentence will not be overturned unless it is clear that the trial judge abused his discretion. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992).
ISSUE AND DISCUSSION
¶4. Weatherspoon argues that his life-threatening medical conditions existed pri- or to his sentencing and the trial judge should have considered them when determining the sentence. According to Weath-erspoon, a sentence of twenty years with eight years suspended amounts to a life sentence given his poor health; therefore, the sentence constitutes cruel and unusual punishment. In support of this assertion Weatherspoon has supplemented his brief with tables detailing the expected life of a sixty year old black male, arguing that his chance of survival while in prison is unlikely-
¶ 5. It is well established that “the imposition of a sentence is within the discretion of the trial court and we will not reverse the sentence where it is within the limits prescribed by statute.” Reed v. State, 536 So.2d 1336, 1339 (Miss.1988). See also Hoops v. State, 681 So.2d 521, *414 537-38 (Miss.1996); Ainsworth v. State, 304 So.2d 656, 658 (Miss.1974). As this Court has stated, sentences that fall within the statutory guidelines will not be overturned just because the defendant is in poor health. Harried v. State, 773 So.2d 966, 970 (¶ 11) (Miss.Ct.App.2001). The defendant’s health “along with all the particular facts of each case are weighed by the trial judge during sentencing.” Id. This rule grants the necessary deference to the Mississippi legislature in determining the proper sentences for statutory crimes. Perryman v. State, 799 So.2d 139, 142 (¶ 8) (Miss.Ct.App.2001).
¶ 6. Although Weatherspoon supplies us with tables demonstrating that he is unlikely to survive his prison sentence, his efforts are of little consequence. This Court recently held that the trial judge is under no duty to consider a defendant’s life expectancy when determining the length of a sentence except in cases where the jury is authorized by statute to recommend a life sentence but refuses to do so. Ware v. State, 790 So.2d 201, 217-18 (¶ 61) (Miss.Ct.App.2001). See also Stewart v. State, 372 So.2d 257, 258-59 (Miss.1979) (noting that the trial judge cannot impose life sentence when imposition of a life sentence is within sole province of the jury); Lee v. State, 322 So.2d 751, 753 (Miss.1975).
¶ 7. Section 49-21-139(b)(l) does not permit the jury to recommend that a defendant be sentenced to life in prison. Instead, the statute explicitly states that a defendant in violation of its provisions cannot be sentenced to over thirty years imprisonment or fined over one million dollars. Miss.Code Ann. § 49 — 21—139(b)(1) (Rev.2001). The trial judge sentenced Weatherspoon to twenty years imprisonment with eight years suspended. We will not overturn a sentence for a drug related crime where it is within the limits prescribed by statute. See Braxton v. State, 797 So.2d 826, 829 (¶ 12) (Miss.Ct.App.2001) (noting that the imposition of a maximum sentence for a drug case has never been overturned by this Court). Weatherspoon’s argument is without merit.
¶ 8. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIPÍE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ„ CONCUR.