840 So.2d 727 (2002)
Antoine TRIPLETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00015-COA.
Court of Appeals of Mississippi.
December 17, 2002.
Rehearing Denied March 18, 2003.
*729 Ross R. Barnett, Jr., Jackson, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. On November 8, 2001, Antoine Triplett was convicted of sale of cocaine in the Circuit Court of Winston County. Triplett was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. In this appeal, Triplett raises three assignments of error. Firstly, Triplett challenges the weight and sufficiency of the evidence. Secondly, Triplett argues that he received ineffective assistance from his trial counsel. Thirdly, Triplett argues the sentence of twenty years is unconstitutionally excessive and disproportionate to the crime of sale of cocaine.

FACTS
¶ 2. On December 20, 2000, Detectives Young and Cotton, from the Mississippi Bureau of Narcotics, met informant Margaret Henderson at a predetermined location in Winston County. Henderson was to attempt to purchase illegal drugs from Antoine Triplett. The detectives gave *730 Henderson $270 in official state funds, an evidence bag, and a jacket containing a wire and buttonhole camera for making a video recording of the drug transaction. They searched Henderson and her vehicle to be sure there was no contraband on Henderson or in her vehicle.
¶ 3. Following the search, Henderson drove directly to Triplett's trailer. The detectives followed, and parked about one mile from Triplett's home for surveillance of the transaction. When Henderson arrived, Triplett showed her into his living room. Henderson said she had $150, and asked Triplett if she could buy an "eight ball" (an eighth of an ounce of cocaine) from him. Triplett replied that he had an "eight ball," and went to another room to get it. On his return, Henderson gave Triplett $150 and he handed her a package. Then, Henderson left the trailer. She put the package Triplett had given her into the evidence bag.
¶ 4. At the post-buy location, Henderson gave Detective Young the evidence bag. The detectives again searched Henderson's car, and found no contraband. Young brought the evidence bag to the district office, secured it, and delivered it the next day to the crime lab. Testing showed that the package inside contained 2.10 grams of crack cocaine. On April 24, 2001, Triplett was indicted for sale of cocaine in violation of Miss.Code Ann. § 41-29-139(a)(1) (Rev. 2001).
¶ 5. At trial, Henderson identified Triplett as the person who had sold her cocaine. The State introduced the videotape, which showed the interior of a trailer and a man with braids. An exchange of cash for a package was visible, though the audio portion was unintelligible. Detective Young testified that over the monitoring wire, he heard Henderson ask for an "eight ball" before the exchange occurred. Young also testified that Henderson was not hired as an informant in exchange for forgiveness of past crimes, and that she had no criminal record. Officer Eichelberger, a personal acquaintance of Triplett's, testified that Triplett was the man depicted on the tape.

LAW AND ANALYSIS
I. DID THE TRIAL COURT ERR BY DENYING TRIPLETT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, ALTERNATIVELY, A NEW TRIAL?
¶ 6. Triplett argues he was entitled to judgment notwithstanding the verdict (JNOV). A motion for JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). A reviewing court must consider as true all credible evidence consistent with the defendant's guilt, and the State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. This Court may only reverse where, with respect to one or more of the elements of the offense, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 7. Alternatively, Triplett argues that he was entitled to a new trial. A motion for a new trial challenges the weight of the evidence, and implicates the discretion of the trial court. McClain, 625 So.2d at 781. The trial court should only grant a new trial motion when the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice. Wetz, 503 So.2d at 812. This Court, on appeal, will reverse and order a new trial only upon a determination that the trial court abused its discretion, accepting *731 as true all evidence favorable to the State. Id.
¶ 8. Triplett supports both these arguments with the same allegations. He contends that Henderson's status as a paid informant renders her testimony inherently unreliable. He argues that Henderson was insufficiently searched by the police and that she could have had cocaine in her possession before meeting Triplett. Triplett also argues the poor quality videotape was unreliable. Triplett's position is that, based on these facts, a jury could not find beyond a reasonable doubt that a cocaine sale took place, or, that the facts are such that the verdict was against the overwhelming weight of the evidence.
¶ 9. Our review of the evidence indicates that Triplett's contentions are without merit. The State presented credible evidence on every element of sale of cocaine from which a reasonable jury could conclude a sale occurred; therefore, the evidence was legally sufficient. The verdict was not against the overwhelming weight of the evidence. It is the role of the jury to weigh conflicting evidence and evaluate the credibility of witnesses. Conley v. State, 790 So.2d 773, 807 (¶ 138) (Miss.2001). At trial, Henderson testified as an eyewitness to the cocaine sale. Detective Young testified that, via the monitoring wire, he heard Henderson initiate the sale. The jury viewed the videotape and it is reasonable to conclude the jury determined Triplett was the person who gave Henderson the "eight ball." Triplett offered no rebuttal evidence. There is no merit to Triplett's arguments regarding weight and sufficiency of the evidence.
II. DID TRIPLETT RECEIVE INEFFECTIVE ASSISTANCE FROM TRIAL COUNSEL?
¶ 10. Triplett argues that trial counsel failed to provide effective and adequate representation. He cites six alleged errors of trial counsel, and argues these errors meet the two-part test for ineffective assistance of counsel from Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, the defendant must show 1) that counsel's performance was deficient, and 2) that the deficiency prejudiced the defendant. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). There is a strong but rebuttable presumption that counsel's decisions were sound trial strategy. Id. at 969. To overcome the presumption, the defendant must show that but for counsel's deficiency, a different result would have occurred. Id. at 968. The reviewing court must examine the totality of the circumstances. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 11. Triplett's first complaint is that trial counsel made no effort to ascertain the identity of a second informant, who, according to the State's discovery, was present at the pre- and post-buy meetings. However, Triplett has not demonstrated how counsel's investigation of the unnamed informant would have changed the result of trial. For counsel's failure to investigate to constitute ineffective assistance of counsel, a defendant "must [ ] state with particularity what the investigation would have revealed and specify how it would have altered the outcome of trial." Cole v. State, 666 So.2d 767, 776 (Miss. 1995).
¶ 12. Triplett's second argument is that he was prejudiced by trial counsel's decision to forego jury polling upon announcement of the verdict. The record shows that the jury foreperson announced the jury's unanimous verdict, and trial counsel stated that polling was unnecessary. There is no reason to believe the outcome of trial would have been different had the jury been polled. Considering the *732 totality of the circumstances, we cannot say that trial counsel's decision to forego jury polling was deficient performance that prejudiced Triplett. Frierson v. State, 606 So.2d 604, 608 (Miss.1992).
¶ 13. Triplett's third complaint is that counsel neglected to request a presentencing investigation. The failure to request a presentencing report, in itself, is not reversible error. Wash v. State, 807 So.2d 452, 459 (¶ 27) (Miss.Ct.App.2001). Triplett does not state that mitigating evidence was present that a presentencing investigation would have revealed, and thus has not demonstrated how the outcome would have been different had counsel requested a presentencing investigation. Id.
¶ 14. Triplett's next complaint is that counsel failed to offer meaningful mitigating evidence at sentencing. Triplett's counsel stated that Triplett had "a lot of redeeming factors" and that he had worked for "months, if not years." Clearly, this was an effort at mitigation, and Triplett has not demonstrated prejudice by presenting this Court with any other evidence that counsel could have offered in mitigation. Day v. State, 818 So.2d 1196, 1201 (¶ 18) (Miss.Ct.App.2002).
¶ 15. Next, Triplett argues that he was prejudiced by trial counsel's failure to meet appellate counsel at a hearing on the post-trial motion for JNOV, or, alternatively, a new trial. Triplett alleges that, at the meeting, trial counsel was to inform appellate counsel about "the facts of the case." Triplett fails to specify what facts remained unknown to appellate counsel, or how Triplett was prejudiced. We can speculate that knowledge of "the facts" may have been significant for argument on the motion; however, as demonstrated above, Triplett suffered no prejudice because he was not entitled to a JNOV or a new trial. Price v. State, 749 So.2d 1188, 1199 (¶ ¶ 37-38) (Miss.Ct.App.1999).
¶ 16. Finally, Triplett argues he was prejudiced by trial counsel's failure to timely file a motion for reduction of sentence. Triplett has not shown he was deserving of a reduction in sentence; therefore, he has failed to demonstrate prejudice. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985).
¶ 17. Since Triplett has shown neither deficiency nor prejudice, his claim of ineffective assistance of counsel is without merit. Id.
III. WAS TRIPLETT'S SENTENCE UNCONSTITUTIONALLY EXCESSIVE?
¶ 18. Triplett argues that his sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment. He argues that his sentence of twenty years is cruel and unusual because it is grossly disproportionate to the crime of sale of cocaine. As a general rule, this Court will not disturb a sentence that is within the statutory limits. Davis v. State, 724 So.2d 342, 344 (¶ 11) (Miss. 1998). However, when a threshold comparison of the crime to the sentence leads to an inference of gross disproportionality, the reviewing court will conduct a proportionality analysis using three factors from Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Hoops v. State, 681 So.2d 521, 538 (Miss.1996). The three factors are 1) gravity of the offense and the harshness of the penalty; 2) sentences imposed on other criminals in the same jurisdiction; and 3) sentences imposed for the commission of the same crime in different jurisdictions. Solem, 463 U.S. at 292, 103 S.Ct. 3001. Triplett has submitted the federal sentencing guidelines as support for his argument under the third Solem factor.
*733 ¶ 19. The legislature has prescribed strict penalties for drug offenders in response to public concern about the drug problem. Stromas v. State, 618 So.2d 116, 123 (Miss.1993). The statutory maximum sentence for sale of cocaine is thirty years and a one million dollar fine. Miss.Code Ann. § 41-29-139(b)(1) (Rev. 2001). Triplett's sentence of twenty years is well within the statutory maximum, and "we have never found a maximum penalty in a drug case ... to be cruel and unusual punishment." Herring v. State, 691 So.2d 948, 958 (Miss.1997); see Weatherspoon v. State, 816 So.2d 412 (Miss.Ct.App.2002). Our threshold comparison of the crime to the sentence yields no inference of gross disproportionality. Thus, we do not reach the extended proportionality analysis from Solem, and need not consider Triplett's argument regarding the federal sentencing guidelines.
¶ 20. Triplett also argues the trial judge abused his discretion by wholly failing to exercise discretion in sentencing, and that he is entitled to relief under White v. State, 742 So.2d 1126 (Miss.1999). In White, the defendant was convicted of sale of cocaine within 1,500 feet of a church. Id. at (¶ 1). The trial judge doubled White's penalty to sixty years under a discretionary statutory enhancer. Id. at (¶ 34). The Supreme Court remanded the case for resentencing, finding that, by sentencing White to the maximum penalty without any justification from the record, the trial judge wholly failed to exercise discretion. Id. at (¶ 46). Since White, this Court will remand for resentencing when the trial judge imposes the maximum penalty under a discretionary sentencing enhancer without justification for the harsh sentence from the record. White v. State, 761 So.2d 221, 229 (¶ ¶ 42-43) (Miss.Ct.App. 2000).
¶ 21. The case sub judice is distinguishable from White. Unlike White, Triplett received ten years less than the maximum, and cannot complain that the trial judge arbitrarily imposed the harshest penalty available. Triplett argues that the explanation provided by the trial judge at sentencing was inadequate, and that White obligates trial judges to justify every sentence imposed. Triplett is incorrect. The trial court only must justify sentences that appear harsh or severe for the charge, such as the one imposed in White. Id. at 229 (¶ 40). This Court has explained "that the broad discretion in sentencing matters should not be taken away from the courts merely because no justification was presented for the particular sentence." Id. (citing Davis v. State, 724 So.2d 342, 344 (¶ 11) (Miss.1998)). Triplett's argument is without merit.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.